UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------
YITTY WALFISH
on behalf of herself and
all other similarly situated consumers

                              Plaintiff,


           -against-


SELIP & STYLIANOU, LLP;
DAVID COHEN ESQ.;
MIDLAND FUNDING, LLC;
ENCORE CAPITAL GROUP, INC.;
MHC RECEIVABLES, LLC AND
SHERMAN ORIGINATOR III LLC

                              Defendants.

--------------------------------------------------------

## CLASS ACTION COMPLAINT

### *Introduction*

1.   Plaintiff Yitty Walfish seeks redress for the illegal practices of Selip & Stylianou, LLP

     ("Selip"); David Cohen Esq.; Midland Funding, LLC ("Midland"); Encore Capital

     Group, Inc. ("Encore"); MHC Receivables, LLC ("MHC") and Sherman Originator III

     LLC ("Sherman"), concerning the collection of debts, in violation of the Fair Debt

     Collection Practices Act, 15 U.S.C. § 1692, et *seq.* ("FDCPA") and General Business

     Law § 349 ("GBL").

### *Parties*

2.   Plaintiff is a citizen of the State of New York who resides within Rockland County.

3.   Plaintiff is a consumer as that term is defined by Section 1692(a)(3) of the FDCPA, in

     that the alleged debt that Defendants sought to collect from Plaintiff is a consumer debt.

4.     Plaintiff alleges that the name of the charge-off creditor at the time of the charge-off is Credit One Bank, N.A.

5.     Upon information and belief, an address utilized by Credit One Bank, N.A. at the time of charge-off was in Las Vegas, Nevada.

6.     Defendant David Cohen is a New York State registered attorney with Defendant Selip.

7.     Upon information and belief, said Defendants' principal place of business is located in Woodbury, New York.

8.     Defendant Encore is the parent company of Defendant Midland.

9.     Defendants Encore and Midland have their principal place of business in San Diego, California.

10.    Defendant Midland is a "bad debt buyer" that specializes in buying large portfolios of delinquent consumer debts for pennies on the dollar, which it then collects upon through other collection agencies, such as Defendant Selip.

11.    Upon information and belief, Defendant MHC's principal place of business is located in Las Vegas, Nevada.

12.    Upon information and belief, Defendant Sherman's principal place of business is located in Charleston, South Carolina.

13.    Defendants are regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

14.    Defendants are "debt collectors" as that term is defined by the FDCPA, 15 U.S.C. § 1692(a)(6).

*Jurisdiction and Venue*

15. This Court has federal question jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

16. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b), as the Defendants are located within this district and the acts and transactions that give rise to this action occurred, in substantial part, in this district.

*Allegations Particular to Yitty Walfish*

17. Plaintiff Yitty Walfish fell on hard times and had difficulty paying her bills, one of which happened to be a consumer debt purportedly owed to Credit One Bank.

18. Sometime thereafter, the alleged debt with Credit One Bank became delinquent.

19. Under federal banking regulations, a credit card debt must be charged off when it is one hundred and eighty days overdue (it may be charged off earlier). Federal Financial Institutions Examination Council, Uniform Retail Credit Classification and Account Management Policy, 65 FR 36903 (June 12, 2000).

20. "Charge-off" means that the credit card receivable is no longer carried on a bank's books as an asset.

21. On or about January 8, 2019, Defendants Selip and David Cohen filed a lawsuit against Yitty Walfish on behalf of their client Midland.

22. Defendants listed Plaintiff's address as "YITTY WALFISH, 2 LINDEN CT. POMONA, NY 10970.

23. Yitty Walfish was not represented by an attorney at the time of service of the collection summons and complaint.

24. On April 15, 2016 Yitty Walfish moved to 2 Linden Ct. Pomona, New York 10970.

25.     Defendant Midland admitted to the Plaintiff that the Creditor never mailed a notice of assignment of the alleged debt to her address.

26.     The assigner/creditor, never gave notice to the Plaintiff of its assignment of the alleged debt to either of the Defendants.

27.     Defendant Midland materially misrepresented in the collection complaint that it had the right to collect on the alleged credit card account debt, i.e., it misrepresented that it was the owner and assignee of the account that was the basis of the action against Plaintiff.

28.     Defendant Midland falsely claimed in the collection complaint that it owned the alleged debt, which constituted a materially false, deceptive and misleading representation in connection with the collection of the debt, and in particular, was a false representation of the character and legal status of the debt.

29.     In light of the foregoing, Midland falsely represented the identity of the owner of the credit card account debt in the collection action against the Plaintiff, which itself is actionable pursuant to the FDCPA whether intentional or not.  See, e.g., Gearing v. Check Brokerage Corporation, 233 F.3d 469, 471-472 [7th Cir. 2000], Wallace v. Washington Mutual Bank, 683 F.3d 323, 326 [6th Cir. 2012].

30.     In addition to the foregoing, Midland's claim to own a credit card account debt on which the Plaintiff was liable for purposes of the collection action was frivolous, baseless, and without good faith.

31.     Defendants MHC, Sherman and Midland, as debt buyers, have a pattern and practice of repeatedly filing collection lawsuits in which they are unable to show that they have standing or ownership of the credit card account debt they are attempting to collect.

32.     In particular, Midland's pattern and practice of filing debt collection lawsuits in which it

cannot prove standing or ownership of the debt has been well documented. Midland, along with Defendant Encore and other related entities, stipulated to a Consent Order with the Consumer Financial Protection Bureau that was filed on September 9, 2015, as a result of Administrative Proceeding, File No. 2015- CFPB-0022. (The full text of the Consent Order can be found at:

https://files.consumerfinance.gov/f/201509_cfpb_consent-order-encore-capital-group.pdf

33.   As a result of the Consent Order, Midland and its related entities agreed to pay substantial restitution and penalties arising from its debt collection practices (see Consent Order).

34.   The Consent Order provided that the Consumer Financial Protection Bureau had reviewed the practices of Defendant Encore, Defendant Midland, Midland Credit Management, Inc. and Asset Acceptance Capital Corp. (collectively "Encore") regarding the purchase of charged-off consumer debts from original creditors and other debt buyers, and its subsequent collection efforts including filing lawsuits against consumers, and identified violations of 15 U.S.C. §§ 1692c(a)(1), 1692d, 1692d(5), 1692e, 1692e(2)(A), 1692e(5), 1692e(8), and 1692e(10) of the FDCPA.

35.   The Consent Order, further provided in the section entitled "Prohibition Against Threatening or Filing Collection Lawsuits Without an Intent to Prove the Debt, If Contested," that Defendant Encore (including Midland) is permanently restrained and prohibited from (a) initiating a legal collection lawsuit unless it is in possession of, among other items, the following:

> iii. A certified or otherwise properly authenticated copy of each bill of sale or other document evidencing the transfer of ownership of the Debt at the Time of Charge-off to each successive owner, including Encore [which includes Midland Funding]. Each of the documents evidencing

the transfer of ownership of the Debt must include a specific reference
to the particular Debt being collected upon.

36.     Despite Midland's awareness of ongoing serious issues with its assignment
documentation, which led to the foregoing permanent prohibition in the Consent Order,
Midland once again in the collection action against Yitty Walfish was unable to prove
standing with valid assignment documentation, which included the failure to identify
Walfish's particular debt.

37.     Defendant Midland in particular, has engaged in the pattern and practice prohibited by
the said Consent Order in the collection action against Walfish as well as numerous
other local lawsuits filed from 2015 to 2017 and beyond. Examples of these local
lawsuits filed by Midland from 2015 to 2017 with this pattern and practice of utilizing
assignment documents that failed to identify the particular debt, as well as other
deficiencies, thereby resulting in dismissals in state courts, are the following:

> Midland Funding LLC v. Calendaria, No. E2017001626 (Monroe Co. S.Ct.)
> Midland Funding LLC v. Douglas, No. E2017002547 (Monroe Co. S.Ct.)
> Midland Funding LLC v. Arthurs, No. CV-6983-17/RO (Roch. City Ct.)
> Midland Funding LLC v. Batista, No. CV-6092-17/RO (Roch. City Ct.)
> Midland Funding LLC v. Chiaradia, No. 4160/2017 (Monroe Co. S.Ct.)
> Midland Funding LLC v. Joyce, No. CV-6097-17/RO (Roch. City Ct.)
> Midland Funding LLC v. Harrison, No. CV-6095-17/RO (Roch. City Ct.)
> Midland Funding LLC v. Hunley, No. E2017000273 (Monroe Co. S.Ct.)
> Midland Funding LLC v. Rumfelt, No. 309/2017 (Livingston Co. S.Ct.)
> Midland Funding LLC v. Sutton, No. E2017000379 (Monroe Co. S.Ct.)
> Midland Funding LLC v. Acome, No. 78433 (Wayne Co. S.Ct.)
> Midland Funding LLC v. Bieber, No. 77751 (Wayne Co. S.Ct.)
> Midland Funding LLC v. Brown, No. 78291 (Wayne Co. S.Ct.)
> Midland Funding LLC v. Caves, No. 78327 (Wayne Co. S.Ct.)
> Midland Funding LLC v. Dixon, No. E2017000232 (Monroe Co. S.Ct.)
> Midland Funding LLC v. Durgan, No. 78349 (Wayne Co. S.Ct.)

Midland Funding LLC v. Edwards, No. 78478 (Wayne Co. S.Ct.)

Midland Funding LLC v. Gleason, No. 80586 (Wayne Co. S.Ct.)

Midland Funding LLC v. Gunsalus, No. 112215 (Ontario Co. S.Ct.)

Midland Funding LLC v. Hall, No. 78431 (Wayne Co. S.Ct.)

Midland Funding LLC v. Jordan, No. 4055/2015 (Monroe Co. S.Ct.)

Midland Funding LLC v. Lester, No. 78201 (Wayne Co. S.Ct.)

Midland Funding LLC v. Markowski, No. 80379 (Wayne Co. S.Ct.)

Midland Funding LLC v. Martinez, No. E2017000376 (Monroe Co. S.Ct.)

Midland Funding LLC v. McCracken, No. 80342 (Wayne Co. S.Ct.)

Midland Funding LLC v. Morse, No. 78200 (Wayne Co. S.Ct.)

Midland Funding LLC v. Mullins, No. 13626/2016 (Monroe Co. S.Ct.)

Midland Funding LLC v. Pickett, No. 14091/2015 (Monroe Co. S.Ct.)

Midland Funding LLC v. Rodgerson, No. 78276 (Wayne Co. S.Ct.)

Midland Funding LLC v. Vandorn, No. 124/2017 (Monroe Co. S.Ct.)

Midland Funding LLC v. Wheeler, No. 13627/2016 (Monroe Co. S.Ct.)

38.    Plaintiff did not receive proper notices of assignments as required by New York law before Midland was permitted to engage in any collection activities, including litigation, against the Plaintiff.

39.    Midland alleged a chain of assignments in paragraph 8 of its collection complaint as follows: Credit One Bank, N.A. (original creditor) to MHC Receivables, LLC on or about May 9, 2017, to Sherman Originator III LLC on or about June 14, 2017, then from Sherman Originator III LLC to Midland Funding LLC on or about June 23, 2017.

40.    The Plaintiff did not receive notice of a May 9, 2017 assignment from Credit One Bank, N.A. to Defendant MHC; did not receive notice of a June 14, 2017 assignment from Defendant MHC to Defendant Sherman, and did not receive notice of a June 23, 2017 assignment from Defendant Sherman to Defendant Midland.

41.    The Defendants were well aware that the assigner/creditor, never gave notice to the debtor, and therefore they were not allowed to collect on this debt.

42.    Defendants attempted to confuse and mislead the Plaintiff into assuming that Defendants had in fact been assigned the Plaintiff's alleged debt despite knowing that the Plaintiff never received any notice of said assignments.

43.    Because Plaintiff did not receive the foregoing notices of assignment, any collection proceedings by Midland, including Midland's collection summons and complaint against Plaintiff, were prohibited by New York State law.

44.    Defendants' identifying of the debt as one being owed to Midland attempted to confuse and mislead the Plaintiff to believe that she was in fact previously and properly notified of the assignment when no such notice had ever been given.

45.    Defendants materially misrepresented in the collection complaint that they had the right to collect on the alleged debt, *i.e.*, they misrepresented that they were the assignees of the account and lease that was the basis of the action against Plaintiff Yitty Walfish, and that there was a valid chain of title from the original creditor(s) down to the Defendants.

46.    This constituted a materially false and misleading representation with regard to the character and legal status of the debt Defendants were attempting to collect.

47.    In the absence of proper notices of assignments from the assignors in the alleged chain of title of assignments, Defendants were not entitled to pursue any collection litigation or other collection activities against the Plaintiff, and therefore deceptively and misleadingly (to the least sophisticated consumer) alleged in their collection complaint against Yitty Walfish that they were entitled to collect on the alleged debt.

48.    Defendant Selip on behalf of Midland has a pattern and practice of repeatedly filing collection lawsuits in which they are unable to show that they have standing or ownership of the debt they are attempting to collect, and in which they do not intend to

prove their case.

49.   New York law requires an assignor, not an assignee, to provide a consumer with notice that a debt or judgment has been assigned. Matter of Pinpoint Techs. LLC, 2014 NY Slip Op 51695(U), ¶ 4, 45 Misc. 3d 1223(A), 1223A (Civ. Ct.). ("This court has held that in consumer credit litigation, the assignor of the debt or in this case of a judgment has an obligation to serve a notice of the assignment of the debt on the defendant [*Chase Bank, USA, NA v. Cardello*, 27 Misc 3d 791, 896 N.Y.S.2d 856 (2010); *Tri City Roofers, Inc. v. Northeastern Industrial Park*, 61 NY2d 779, 461 N.E.2d 298, 473 N.Y.S.2d 161 (1984)]. The notice must be from the original creditor, or the judgment creditor, to the defendant at the defendant's last known address. It should contain information informing the defendant that the debt has been sold, and include the name, address and contact information of the assignee, as well as similar information for counsel of the assignee, if there is a change of attorney.")

50.   Even if there had been an assignment, until an assignor creditor gives notice to the debtor of the assignment the debtor has no liability to any party other than the original creditor. Tri City Roofers, Inc. v. Ne. Ind. Park, 61 N.Y.2d 779, 780, 473 N.Y.S.2d 161, 162 (1984); N.Y. Jur. 2d, Assignments, § 55.

51.   When a debt collector attempts to collect on a debt and is aware that creditor did not give notice to the consumer of its assignment such an attempt to collect on the debt violates the FDCPA. The failure to provide notice of an assignment of a debt or judgment violates due process because the New York Court of Appeals has held that, "in order to be charged with a duty to pay a debt to an assignee, [a consumer] must first have actual notice of the assignment." Id. (quoting Tri City Roofers, Inc. v. Nw. Indus.

Park, 61 N.Y.2d 779, 781, 461 N.E.2d 298, 473 N.Y.S.2d 161 (1984)); see also TPZ
Corp. v. Dabbs, 25 A.D.3d 787, 808 N.Y.S.2d 746 (App. Div. 2006). (holding that a
consumer becomes obligated to an assignee only when "the . . . debtor receives
notification that the amount due or to become due has been assigned").

52.     Defendants were not legally entitled to take steps to collect on the debt at the time they
undertook collection efforts, thereby rendering such attempts in violation of the FDCPA.

53.     As held by multiple federal and state courts in New York, under New York law, an
assignee may not attempt to collect on an assigned debt until the consumer has actual
notice of the assignment, and it is the assignor's obligation to provide such notice.

54.     Defendants violated 15 U.S.C. § 1692e(5) by threatening in the collection summons and
complaint to take action that cannot be legally taken.

55.     Defendants violated 15 U.S.C. § 1692e(5) by undertaking collection actions against
Plaintiff even though Defendants failed to prove that a proper notice of assignment by
the assignor for each assignment in the chain of title was given to the Plaintiff.

56.     Defendants further violated 15 U.S.C. § 1692e(5) since they threatened to take judgment
based on allegations in a complaint that they did not intend to prove.

57.     Defendant Midland claims to be an assignee to Plaintiff's debt and threatened to collect
on the assigned debt despite knowing that Plaintiff did not receive any notices of the
assignment, Plaintiff has sufficiently pled violations of section 1692e(4), 1692e(5) and
1692f(6) all of which prohibit threats to take action that is not legally authorized. Musah
v. Houslanger & Assocs., PLLC, 962 F. Supp. 2d 636, 639 (S.D.N.Y. 2013). (The
Plaintiff alleged that prior to the collection law firms initiation of the collection action
against the Plaintiff on behalf of a supposed creditor, Plaintiff did not receive notice that

the debt had been assigned to that creditor, and therefore at the time of the law firms collection efforts, the law firm was not legally entitled to take any steps to collect on the debt, thereby rendering such attempts in violation of the FDCPA. The court found that these allegations provide a suitable basis for Plaintiff's FDCPA claims since the New York Court of Appeals has held that "[a] debtor, in order to be charged with a duty to pay a debt to an assignee, must first have actual notice of the assignment."), Moukengeschaie v. Eltman, Eltman & Cooper, P.C., No. 14-CV-7539 (MKB), 2016 U.S. Dist. LEXIS 43725, at *39 (E.D.N.Y. Mar. 31, 2016). (Plaintiff stated a claim that the Collection Letter violated section 1692e(4), e(5) and f(6) by threatening actions that Defendants cannot legally take based on the allegation that Plaintiff did not receive notice of the assignment of debt. The debt collector was an alleged assignee to Plaintiff's debt and threatened to collect on the assigned debt before Plaintiff received notices of the assignment. The Court denied Defendants' motion to dismiss and found that the Plaintiff sufficiently pled violations of section 1692e(4), e(5) and f(6), all of which prohibit threats to take action that is not legally authorized.) [1]

58.     The Defendants' actions violate 15 U.S.C. §§ 1692e(4), 1692e(5) and 1692f(6) by

---

[1] Chase Bank USA, N.A. v. Cardello, 2010 NY Slip Op 20090, ¶ 3, 27 Misc. 3d 791, 794, 896 N.Y.S.2d 856, 858 (Civ. Ct.). ("It is clear however, that due process requires that notice of the assignment be given to the debtor by the assignor and not by the assignee. The credit card holder had his or her agreement with the credit card issuer and not with the unknown third-party debt purchaser so that receipt of notice from the third-party debt purchaser does not satisfy due process standards. Allowing the assignee to give notice would enable dishonest debt collectors to search the court records, obtain the names of judgment debtors and send the debtor a letter stating they have purchased the debt from credit card issuers such as Chase and the debtor should make all payments to the third party. Requiring the assignor-credit card issuer to serve the notice would reduce the incidents of fraud in this regard. The Federal Fair Debt Collection Practices Act lists "false, deceptive or misleading" practices, some of which would not be available by requiring a notice of assignment to be given by the assignor to the debtor. The trend in consumer protection law is to require such notice (see Uniform Consumer Credit Code 1974 § 3.204, ULA Cons Credit § 3.204 [2009]), especially in dealing with consumer credit debt where the vast majority of defendants are unrepresented, unsophisticated individuals. As the Court of Appeals stated in Tri City Roofers v. Northeastern Indus. Park (61 NY2d 779, 781, 461 NE2d 298, 473 NYS2d 161 [1984]): "A judgment debtor is not called upon to search the county's records every time he is served with an execution or desires to make a payment on his debt." The failure to establish that notice of the assignment was given to the debtor makes the assignment ineffective.") S. Shore Adj Co. v. Pierre, 2011 NY Slip Op 51436(U), ¶ 3, 32 Misc. 3d 1227(A), 1227A, 936 N.Y.S.2d 61, 61 (Civ. Ct.) ("In Chase Bank USA, NA v. Cardello, 27 Misc 3d 791, 896 N.Y.S.2d 856 (Civil Ct, Richmond Co. 2010). Judge Straniere concluded that bulk assignments by Chase to debt collectors violated every tenet of due process. He found that due process mandated that the assignor, and not the assignee notify the debtor of the assignment, since the credit card holder had his agreement with the credit card issuer, "and not with the unknown third party debt purchaser." Judge Straniere elaborated that to allow an assignee third party debt purchaser to give notice "would enable dishonest debt collectors to search the court records, obtain the names of judgment debtors and send the debtor a letter stating that they had purchased the debt "from a credit card issuer and that the debtor had to pay up or face court action. This practice would merely increase fraud and deceptive and misleading practices which were precisely why the federal Fair Debt Collections Practices Act ("FDCPA") was enacted.")

threatening actions that Defendants cannot legally take based on the fact that Plaintiff did not receive notice of the assignment of the debt.

59.     The Defendants deceptively engaged in the collection of an invalid debt purportedly owed by the Plaintiff.

60.     Section 1692e of the FDCPA states:

> "A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
>
> (2) The false representation of --
>
> (A) the character, amount, or legal status of any debt."

61.     Section 1692(f) of the FDCPA states:

> "A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
>
> (1) The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law."

62.     The Defendants misrepresented the legal status of the alleged debt, as the debt was not owed by the Plaintiff.[2]

---

[2] See Vangorden v. Second Round, Ltd. P'ship, No. 17-2186-cv, 2018 U.S. App. LEXIS 20939, at *7-9 (2d Cir. July 27, 2018) ("In sum, because [the debtor] pleaded facts plausibly asserting [the debt collectors] misrepresentation of her Debt obligation, her § 1692e(2) claim should not have been dismissed under Fed. R. Civ. P. 12(b)(6). Further, because the June Letter, after allegedly misstating [the debtors] Debt obligation, requested payment of the Debt, we conclude that [the debtor] has plausibly alleged that [the debt collector] both used a "false representation" in a debt collection effort in violation of § 1692e(10), and attempted to collect a debt amount not "expressly authorized by the agreement creating the debt or permitted by law" in violation of § 1692f(1)...Thus, by pleading that defendant attempted to collect an amount not authorized by agreement or permitted by law, the plaintiff has stated a plausible claim under § 1692f(1) without need for further allegations of unfairness or unconscionability.") Lee v. Kucker & Bruh, LLP, 2013 U.S. Dist. LEXIS 110363, 2013 WL 3982427 (S.D.N.Y. Aug. 2, 2013). ("Defendants argue that they are not liable for violating the FDCPA because they did not know that they were misrepresenting that Mr. Lee's account was delinquent. ([Footnote 1] Defendants rely on the decision in *Stonehart v. Rosenthal*, No. 01 Civ. 651, 2001 U.S. Dist. LEXIS 11566, 2001 WL 910771, at *6 (S.D.N.Y. Aug. 13, 2001) (holding that to "state a claim under § 1692e(2) of the FDCPA, [the plaintiff] must show that [the debt collector] knowingly misrepresented the amount of the debt"), and similar district court cases inside and outside this circuit. These cases, however, are at odds with binding Second Circuit precedent.), See also Goldman v. Cohen, No. 01 Civ. 5952, 2004 U.S. Dist. LEXIS 25517, 2004 WL 2937793, at *10, n.11 (S.D.N.Y. Dec. 17, 2004), aff'd on other grounds, 445 F.3d 152 (2d Cir. 2006). (concluding that analysis in *Stonehart* contradicts the plain language of 1692k(c) and the law as stated by the Second Circuit). This argument is contrary to binding Second Circuit precedent. The Defendants here are strictly liable for their violation of § 1692e. This Court holds that the

63.    Defendants violated 15 U.S.C. §§ 1692e(2)(A) and 1692f(1) for the false representation of the character, amount, or legal status of the debt, and for collecting on a debt which was not expressly authorized by the agreement creating the debt or permitted by law.

64.    Defendants should have conducted the minimum due diligence required under the law regarding abuse of process, frivolous pleadings, and misstating the amount, character and legal status of the Plaintiff's debt.

65.    Defendants' abuse of process was in violation of 15 U.S.C. §§ 1692e, 1692e(2), 1692e(5), 1692e(10), 1692f and 1692f(1).

66.    As a result of the Defendants' fraudulent legal action, Plaintiff has suffered pecuniary and non-pecuniary harm.

67.    The Plaintiff's actual damages, without limitation, sleep deprivation, stomach pains, anxiety and difficulty in performing her work.

68.    The Plaintiff's damages also include the cost of retaining counsel to defend and dismiss the fraudulent State Action.

69.    As a result of the unlawful collection activity which Defendants, engaged in, Plaintiff is also entitled to damages pursuant to GBL § 349.

70.    Plaintiff suffered injury in fact by being subjected to unfair and abusive practices of the Defendant.

71.    Plaintiff suffered actual harm by being the target of the Defendants' misleading debt collection communications.

72.    Defendants violated the Plaintiff's right not to be the target of misleading debt collection

---

misrepresentation in the Three Day Notice, the Verification and the Petition for summary nonpayment eviction of a debt supposedly owed by Mr. Lee for rent and fuel charges, when in fact he was current on his payments, is a violation of § 1692e(2)(A)."), Arias v. Gutman, Mintz, Baker & Sonnenfeldt LLP, No. 16-2165-cv, 2017 BL 407422 (2d Cir. Nov. 14, 2017). ("[S]ection 1692f contains a non-exhaustive list of unfair practices, including the collection of an invalid debt."))

communications.

73.     Defendants violated the Plaintiff's right to a truthful and fair debt collection process.

74.     Defendants used materially false, deceptive, misleading representations and means in its attempted collection of Plaintiff's alleged debt.

75.     Defendants' communications were designed to cause the debtor to suffer a harmful disadvantage in charting a course of action in response to Defendants' collection efforts.

76.     The FDCPA ensures that consumers are fully and truthfully apprised of the facts and of their rights, the act enables them to understand, make informed decisions about, and participate fully and meaningfully in the debt collection process. The purpose of the FDCPA is to provide information that helps consumers to choose intelligently. The Defendants' false representations misled the Plaintiff in a manner that deprived her of her right to enjoy these benefits, these materially misleading statements trigger liability under section 1692e of the Act.

77.     These deceptive communications additionally violated the FDCPA since they frustrate the consumer's ability to intelligently choose his or her response.

78.     As an actual and proximate result of the acts and omissions of the Defendants, Plaintiff has suffered including but not limited to, fear, stress, mental anguish, emotional stress and acute embarrassment for which she should be compensated in an amount to be established by a jury at trial.

## AS AND FOR A FIRST CAUSE OF ACTION

***Violations of the Fair Debt Collection Practices Act brought by Plaintiff on behalf of herself and the members of a class, as against the Defendants.***

79.     Plaintiff re-states, re-alleges, and incorporates herein by reference, paragraphs one (1) through seventy eight (78) as if set forth fully in this cause of action.

80.   This cause of action is brought on behalf of Plaintiff and the members of a class.

81.   The class consists of all persons whom Defendants' records reflect resided in the State of New York who communicated with Defendants' representatives within one year prior to the date of the within complaint up to the date of the filing of the complaint; (a) Defendants misled Plaintiff to believe that she was in fact previously and properly notified of the assignment when no such notice had ever been given; and (b) Defendants violated 15 U.S.C. §§ 1692d, 1692e(2), 1692e(2)(A), 1692e(5), 1692f, 1692f(1) and 1692g(b).

82.   Pursuant to Federal Rule of Civil Procedure 23, a class action is appropriate and preferable in this case because:

    A.   Based on the fact that form collection letters are at the heart of this litigation, the class is so numerous that joinder of all members is impracticable.

    B.   There are questions of law and fact common to the class and these questions predominate over any questions affecting only individual class members. The principal question presented by this claim is whether the Defendants violated the FDCPA.

    C.   The only individual issue is the identification of the consumers who received such collection letters (*i.e.*, the class members), a matter capable of ministerial determination from the records of Defendant.

    D.   The claims of the Plaintiff are typical of those of the class members. All are based on the same facts and legal theories.

    E.   The Plaintiff will fairly and adequately represent the class members' interests. The Plaintiff has retained counsel experienced in bringing class

actions and collection-abuse claims. The Plaintiff's interests are consistent with those of the members of the class.

83.   A class action is superior for the fair and efficient adjudication of the class members' claims. Congress specifically envisions class actions as a principal means of enforcing the FDCPA. 15 U.S.C. § 1692(k). The members of the class are generally unsophisticated individuals, whose rights will not be vindicated in the absence of a class action. Prosecution of separate actions by individual members of the classes would create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties and would not be in the interest of judicial economy.

84.   If the facts are discovered to be appropriate, the Plaintiff will seek to certify a class pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure.

85.   Collection attempts, such as those made by the Defendants are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

### *Violations of the Fair Debt Collection Practices Act*

86.   The Defendants' actions as set forth above in the within complaint violates the Fair Debt Collection Practices Act.

87.   Because the Defendants violated the Fair Debt Collection Practices Act, the Plaintiff and the members of the class are entitled to damages in accordance with the Fair Debt Collection Practices Act.

WHEREFORE, Plaintiff, respectfully requests preliminary and permanent injunctive relief, and that this Court enter judgment in her favor and against the Defendants and award damages as follows:

   A.  Statutory damages provided under the FDCPA, 15 U.S.C. § 1692(k);

B. Attorney fees, litigation expenses and costs incurred in bringing this action; and

C. Any other relief that this Court deems appropriate and just under the circumstances.

## AS AND FOR A SECOND CAUSE OF ACTION

*Violations of GBL § 349 brought by Plaintiff on behalf of herself and the members of a class, as against the Defendants*

88. Plaintiff re-states, re-alleges, and incorporates herein by reference, paragraphs one (1) through seventy eight (78) as if set forth fully in this cause of action.

89. Plaintiff is a consumer as that term is defined in New York, General Business Law section 349 (NY GBL Sec. 349).

90. As stated above, Defendants deceptively attempted to collect a consumer debt from Yitty Walfish to which it could not prove that it was the assignee in the collection action together with other deceptive acts and practices set forth above.

91. Defendants failed to provide proof of any sequence of the assignment between the creditor(s) and the Defendants.

92. Defendants attempted to confuse and mislead the Plaintiff into assuming that they had been assigned purchased Plaintiff's alleged debt despite knowing that the Plaintiff never received any notice of said assignment.

93. Because Plaintiff did not receive the foregoing notices of assignment, any collection proceedings by Midland, including Midland's collection summons and complaint against Plaintiff, were prohibited by New York State law.

94.     Defendants' deceptive conduct was consumer oriented in that it engaged in the foregoing deceptive collection activities against the Plaintiff with respect to an alleged consumer debt, and which could affect the public at large.

95.     In fact, Defendants engaged in deceptive practices in collecting consumer debts with regard to numerous other residents of New York in the public at large.

96.     The conduct of the Defendants in collecting and attempting to collect monies owed when it was not allowed to pursuant to the New York Limited Liability Law constitutes deceptive or materially misleading activity that is directed at consumers and the public at large and caused consumers to suffer financial injuries of having increased debt and having money extracted from them.

97.     Defendants' practices were deceptive and misleading in a material way. The deceptive practices were likely to mislead a reasonable consumer acting reasonably under the circumstances.

98.     As a result of the unlawful collection activity which the Defendants engaged in, Plaintiff is entitled to damages pursuant to GBL § 349, including actual damages.

WHEREFORE, Plaintiff, respectfully requests preliminary and permanent injunctive relief, and that this Court enter judgment in her favor and against the Defendant and award damages as follows:

   A.  GBL § 349;

   B.  Attorney fees, litigation expenses and costs incurred in bringing this action; and

   C.  Any other relief that this Court deems appropriate and just under the circumstances.

Dated: Woodmere, New York
April 4, 2019


_____/s/ Adam J. Fishbein_____
Adam J. Fishbein, P.C.  (AF-9508)
Attorney At Law
**Attorney for the Plaintiff**
735 Central Avenue
Woodmere, New York 11598
Telephone: (516) 668-6945
Email: fishbeinadamj@gmail.com


Plaintiff requests trial by jury on all issues so triable.


_____/s/ Adam J. Fishbein____
Adam J. Fishbein (AF-9508)

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF ROCKLAND

--------------------------------------------------

MIDLAND FUNDING LLC

                PLAINTIFF,

       -AGAINST-

YITTY WALFISH

               DEFENDANT.

--------------------------------------------------

Plaintiff designates ROCKLAND County as the place of trial; the defendant resides in ROCKLAND County

**INDEX NUMBER:**
PURCHASE DATE:
S&S FILE NO. C573637

**SUMMONS**
Plaintiff's address: 2365 NORTHSIDE DR STE 300, SAN DIEGO, CA 92108

The Basis of the Venue is Defendant's Residence

*CONSUMER CREDIT TRANSACTION*

**TO THE ABOVE NAMED DEFENDANT(S):**

      **YOU ARE HEREBY SUMMONED** to answer the complaint in this action and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance, on the plaintiff's attorney within 20 days after the service of this summons, exclusive of the day of service (or within 30 days after the service is complete if this summons is not personally delivered to you within the state of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint, together with the costs of this action.

Dated: December 28, 2018

Selip & Stylianou, LLP
Attorneys for plaintiff
P.O. Box 9004, 199 Crossways Park Dr., Woodbury, NY 11797-9004
(516) 364-6006; (866) 848-8975 ext. 8991; Refer to S&S File No. C573637

Defendant to be served: YITTY WALFISH, 2 LINDEN CT, POMONA, NY 10970

**This communication is from a debt collector and is an attempt to collect a debt. Any information obtained will be used for that purpose.**

By:_____
DAVID COHEN ESQ.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF ROCKLAND
--------------------------------------------------
MIDLAND FUNDING LLC
                              PLAINTIFF,          INDEX NUMBER:
-AGAINST-                                          S&S FILE NO. C573637

YITTY WALFISH                                      **COMPLAINT**
                              DEFENDANT.
--------------------------------------------------

Plaintiff, by its attorneys, complaining of the Defendant(s), respectfully alleges that:

1.  Plaintiff is a foreign limited liability company licensed to transact business in New York.

2.  Upon information and belief, the Defendant(s) resides or has an office in the county in which this action is brought, or the Defendant(s) transacted business within the county in which this action is brought, either in person or through an agent and the instant cause of action arose out of said transaction.

3.  Based upon a reasonable inquiry, the Statute of Limitations for the cause of action asserted herein has not expired.

### FACTS

4.  Plaintiff's predecessor in interest, **CREDIT ONE BANK , N.A.** (hereinafter "Original Creditor"), offered to open a -branded account, account no. ending in **7090** (hereinafter the "Account"), in Defendant's name on **August 03, 2015**, subject to the terms and conditions provided, or made available in electronic format, to the Defendant (the "Agreement").

5.  Defendant accepted the offer by using the Account.

6.  Defendant defaulted by failing to repay the Account balance. The Defendant's last payment was received on or about **OCTOBER 07, 2016** in the amount of **$100.00**.

7.  Demand for payment of the Account was made on Defendant, but Defendant failed to make all the required payments, and as a result the Account was charged off on **May 09, 2017** in the amount of **$1,337.14**.

8.  The Original Creditor sold the Account, including all right, title and interest in and to the outstanding balance owed by Defendant. Plaintiff purchased the Account on or about **June 23, 2017** and is now the owner and assignee of the Account. The full chain of the assignment of this claim is as

follows:

- On or about May 09, 2017, CREDIT ONE BANK, N.A. sold the Account to MHC RECEIVABLES, LLC.

- On or about June 14, 2017, MHC RECEIVABLES, LLC sold the Account to SHERMAN ORIGINATOR III LLC.

- On or about June 23, 2017, SHERMAN ORIGINATOR III LLC sold the Account to MIDLAND FUNDING LLC.

### AS AND FOR A FIRST CAUSE OF ACTION

9. Plaintiff repeats and re-alleges each and every allegation contained in the foregoing paragraphs as if more fully set forth herein.

10. As a result of Defendant's breach of the Agreement, and after crediting Defendant for all payments and credits, there is now due and owing by Defendant to Plaintiff the sum of $1,337.14, no part of which has been paid despite due demand therefor.

**WHEREFORE,** Plaintiff demands judgment against Defendant(s) in the amount of **$1,337.14** together with costs and disbursements.

The undersigned attorney hereby certifies that, to the best of his/her knowledge, information, and belief, formed after an inquiry reasonable under the circumstances, the presentation of the within complaint and the contentions therein are not frivolous as defined in part 130-1.1(c) of the rules of the Chief Administrator.

Dated: DECEMBER 28, 2018

YOURS, ETC.

By: _____
DAVID COHEN ESQ.
Selip & Stylianou, LLP, Attorneys for Plaintiff
199 Crossways Park Drive, Woodbury, NY 11797-9004
(516) 686-8991; (866) 848-8975 ext. 8991;
S&S File No. C573637

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF ROCKLAND
--------------------------------------------------
MIDLAND FUNDING LLC
                        PLAINTIFF,

            -AGAINST-
                                        INDEX NUMBER:
YITTY WALFISH                           S&S FILE NO. C573637
                        DEFENDANT.
--------------------------------------------------

**NOTICE OF COMMENCEMENT OF ACTION SUBJECT TO MANDATORY ELECTRONIC FILING**

PLEASE TAKE NOTICE that the matter captioned above, which has been commenced by the filing of the accompanying documents with the County Clerk via the New York State Courts Electronic Filing System ("NYSCEF"), is subject to mandatory electronic filing pursuant to Section 202.5-bb of the Uniform Rules for the Trial Courts. This notice is being served as required by Subdivision (b) (3) of that Section.

Counsel and/or parties must either: 1) immediately record their representation within the e-filed matter on the Consent/Represent page in NYSCEF; or 2) file the Notice of Opt-Out form to claim one of the limited exemptions from mandatory e-filing (see below). Failure to record representation may result in an inability to receive electronic notice of any document filings. Claiming an exemption will require the exempt party to serve and be served with hard copy documents.

Counsel and unrepresented parties who intend to participate in e-filing must first create a NYSCEF account and obtain a userID and password. For additional information about electronic filing, and to create a NYSCEF account, visit the NYSCEF website at www.nycourts.gov/efile or contact the NYSCEF Resource Center (phone: 646-386-3033; e-mail: efile@nycourts.gov; mailing address: 60 Centre Street, New York, New York 10007).

Exemptions from mandatory e-filing (Section 202.5-bb(e)) are limited to:
1) attorneys who certify in good faith that they lack the computer hardware and/or scanner and/or internet connection or that they lack (along with all employees subject to their direction) the operational knowledge to comply with e-filing requirements; and
2) parties who expect to represent themselves and who choose not to participate in e-filing. (Such parties are encouraged to visit www.nycourthelp.gov or contact the Help Center in the court where the action is pending.)

**Dated: December 28, 2018**

Selip & Stylianou, LLP
By: DAVID COHEN ESQ., Attorney for Plaintiff
P.O. Box 9004, 199 Crossways Park Drive, Woodbury, NY 11797-9004
(516) 686-8991; (800) 293-6006 ext. 8991;

To: YITTY WALFISH, 2 LINDEN CT, POMONA, NY 10970